We will hear argument first this morning in Case 21-15-76, Smith v. United States. Mr. DeGerson. Mr. Chief Justice, and may it please the Court. The government agrees that when it elects to take the question of venue before a jury and fails to satisfy its burden of proof, a judgment of acquittal is the appropriate result and the government is barred from seeking re-prosecution. The jury instruction it agreed to in this case on JA-113 states exactly that. If the government fails to establish proper venue for any count, you must find the defendant not guilty as to that count. The government's position is that this result should somehow differ when an appellate panel reviewing a Rule 29 motion for judgment of acquittal finds that the jury erred in its determination and that there is insufficient evidence to sustain the conviction. Put another way, the government's position is that when a jury does its job correctly and acquits, a defendant may not be re-prosecuted, but when the jury fails to correctly discharge its duty, the government gets a do-over. That is what this Court in Berks calls a purely arbitrary distinction. The government has no real explanation for that result. It anchors its view on what it describes as a settled and unbroken practice of permitting retrials when a jury acquits for lack of venue. But there was no such practice. At both the common law and at the founding, the government's failure of proof as to venue resulted in a general verdict of acquittal, which carried all of the ordinary consequences of an acquittal. The rule the government relies on is instead the one this Court squarely rejected in Ball, that a prosecutor was entitled to a second bite at the apple even after a general verdict of acquittal on any ground, by challenging the insufficiency of the indictment in the first trial. But if the framers rejected that rule for purposes of the Fifth Amendment, they absolutely would have done so for violations of the venue right. As Justice Story explained, the venue right was an area where the framers sought to leave as little discretion in the government's hands as possible. There is no reason to think that the framers would have singled out venue as the one issue that goes to a jury that the government's failure of proof does not yield an acquittal, but rather a do-over. At bottom, an insufficiency of the evidence determination, whether by a jury, a judge, or an appellate panel, must lead to a judgment of acquittal. I welcome the Court's questions. When we normally have constitutional errors at trial, isn't our rule a mistrial or a retrial? That's correct, Your Honor, but the venue right is, I think, fundamentally different to all other kinds of rights, because what it means to violate the venue right is that the government fails to satisfy its burden of proof before a jury. So it's not that the defendant has to show his right was violated. The meaning of the violation is the failure to satisfy the government's burden. And then the question is, what should the consequences of that be? And the consequences of that at common law and at the founding were the same as when the government fails to satisfy its burden of proof. How is it different from other constitutional errors? It's different in that sense, that the meaning of the violation is that the government has a burden that it takes to the jury to establish a venue. And if it fails to do that, that is a violation of the venue right. And so no other constitutional violation is like that. So how do you know that in a general verdict? You don't know it in a general verdict, and you didn't know it at the founding. The longstanding practice has always been to take the question of venue to a jury, and that yields a general verdict and a judgment of acquittal. And so at the founding, venue had equal status to anything else. If for any reason, you know, if the government failed on one of the conduct elements, if the government fails as to an affirmative defense, if the government fails as to a venue, the result was a general verdict of acquittal. And the government agrees that's what happens in this case. You know, that was a jury instruction it submitted to, in this case, it said you must find the defendant not guilty. That's very likely what happened as to one of the counts here. Is it your position that venue is an element? I mean, I saw that assertion in your cert petition, but for some reason it wasn't in your brief here. So is that the position that you're taking in this case? I think the word element is sort of a word with many meanings. But if by element you mean something that the government bears the burden of proof, and if it fails the burden, you know, they must establish that it fails that to establish that. I guess I mean, you know, you're setting up an argument that, you know, if a jury decides it, and as a result you say if the jury was wrong because it's reversed on appeal, then there would be no retrial. We've said that with respect to elements, but elements have to be presented to a jury, and they have to be proven beyond a reasonable doubt. I don't know that venue has to be presented to a jury in every case. Is that your position? No, it's similar to an affirmative defense in that sense. All right, so if venue is not presented because it's not an element, I guess, what results? Does your argument change? If the defendant doesn't ever present venue, then venue is waived, and it could never even go to the jury. So you're saying if a judge did, because I understood your original comments to say, you know, if the judge got it wrong as well, you would have the same answer. If it's a sufficiency dissemination. So if when it is put in issue by the defendant and the government takes it to the jury like it did in this case, so we put it in issue at the indictment stage and said this indictment should be dismissed for lack of venue. The government said, no, no, no, this is actually a fact question. We should take it to the jury. The jury should decide. The government went to the jury. The government agrees that if the jury had then acquitted, that's the end of the story. Does it matter that it's – do you contest that the standard of proof is different for venue than it is for elements? No, but the standard of proof for affirmative defenses is different than it is for elements, and affirmative defenses are also something where the defendant has an initial burden to put it in issue, and then if the government fails to satisfy its burden of rebutting the defendant's affirmative defense, then – It's a mistrial, and you could do it over, no? No, it's an acquittal. That's this court's decision in Bucks, and so that leads to an acquittal, and just as in Bucks here, this case, I think, is in that sense on all fours with Bucks. The jury in Bucks got it wrong. They said that the government had satisfied its burden, and then the appellate court said, you know, no, that was incorrect. The government failed on the sufficiency of the evidence, the sufficiency of the evidence ruling, and then the appellate court said, but the result here could be a retrial. This court granted certiorari from that decision and said, no, when you have a sufficiency of the evidence determination by an appellate court, that is exactly the same thing as a Rule 29 determination by a judge, and that's exactly the same thing as a judgment of acquittal by the jury. It would be a purely arbitrary distinction to say, because the jury got it wrong the first time, suddenly the government has a chance to re-prosecute. And was Burks a double jeopardy case? Was it a Fifth Amendment case? It was a double jeopardy case. A Fifth Amendment case? A double jeopardy case. You don't make a Fifth Amendment argument here, do you? Well, I think our argument is interwoven with the Fifth Amendment, because our point is, just as in Burks, that the remedy here, the remedy for a violation of the venue right should be a judgment of acquittal that then is going to have, you know, bear all the ordinary consequences of a judgment of acquittal, which would include barring re-prosecution. But in your brief, you said they were separate, so I'm trying to understand. I mean, I did not appreciate from the question presented that you were making a Fifth Amendment argument, and then in your brief at page 44, you're very clear that the Fifth Amendment argument and the Article III and Sixth Amendment arguments are independent. There is sort of an independent Fifth Amendment argument. If you think of the Fifth Amendment just standing alone, you know, with the Fifth Amendment standing alone without the venue right, you know, we don't necessarily raise that argument. But our Sixth Amendment argument itself is interwoven with the double jeopardy clause. It has to be, because the thing we're asking for is a judgment of acquittal, which bears the ordinary consequences of a judgment of acquittal, and that includes preclusion. But it's not interwoven just because of that. I mean, you can't make a Sixth Amendment argument in this case, I think, because the government hasn't put you in jeopardy, or has he? Well, it's exactly like Bucks. I mean, in Bucks, that was certiorari from a decision by the Court of Appeals that said retrial is permitted in this circumstance. There wasn't a re-prosecution, but there was a decision by the Court of Appeals saying you can be retried. And that's essentially what we're coming to court and asking for is we want that judgment of acquittal. We want that piece of paper that says you can't re-prosecute us. And what the 11th Circuit gave us is the opposite. It gave us a piece of paper that says the government can re-prosecute you. You don't have the ordinary effects that you'd get with a judgment of acquittal. And so that's the injury that we're suffering here. And so what we're saying is the remedy here should be that judgment of acquittal, that piece of paper that allows us to entitle us to the subsequent defense. Do you have any decision from the founding era that actually precluded retrial based on a prior verdict of improper venue? But I don't think that there's any – the dominant practice at the founding is that it always went to a general verdict. And so that would have the ordinary consequences of a general verdict. In the mine run of cases, the government's not going to retry. The rule that they point to, the rule is the one rejected in Bull, which is if you have a general verdict of acquittal, even if that's on a conduct element, you know, the jury – somehow we know the jury said they really didn't do it. You know, he's completely innocent. Even in that situation, the government was allowed to subsequently, collaterally attack that and say there was a deficiency in the indictment, including a deficiency in venue. I take it your answer is no. You don't have any case from the founding era that actually precluded retrial based on a prior verdict of improper venue. I mean, I think any – you wouldn't really know whether it's a prior verdict, just like today, a prior verdict of an improper venue, because you would have a general verdict of acquittal. So you wouldn't know if that verdict of acquittal was based on, you know, venue or something else. Do you dispute the argument that many – that there are many treatises from the founding era and extending into the 19th century that say quite – from respect to the authorities, Blackstone, et cetera, that say that a reversal based on improper venue does not preclude retrial? We do dispute that. So I think what the government does is it has sort of a mishmash of two kinds of cases. One are the motion-to-arrest judgment cases, and that's Arundel's case, that's Staubel, that's the Koch treatise. And a motion-to-arrest judgment was after a conviction, a defendant challenges the indictment. And that's how this court described it in United States v. Sison. That's a challenge to the indictment. Not – so that doesn't involve any determination that the government failed its proof. That's not an insufficiency context. In that situation, we completely agree. The same thing would be true if we had an appeal where we were challenging the sufficiency of the indictment or instructional error or anything other than sufficiency, and then that was the – you know, we got a reversal from the court of appeals, absolutely the government could re-prosecute. That would be the modern analogy to the motion-to-arrest judgment, and that would be a mistrial. But that's not a sufficiency situation. And then the other kind of case that the government relies on are the cases I was just describing, which is the Ball case, which is the rule rejected in Ball, and that is that you can collaterally attack even any kind of judgment of acquittal by saying there was no venue. What the government does not have is anything, any case in the common law or at the founding that treats a venue acquittal as of lower status than other kinds of acquittals. They were treated in equal status and had exactly the same kinds of effects. Those effects may now have changed over time as double jeopardy jurisprudence has changed, but they were always in equal status. And the government agrees they're in equal status today when it goes to a jury. It just says on appeal somehow the rule should be different. And I don't – I almost think it's a non-sequitur. Well, part of your argument seems to be based on the original understanding of the venue and this image clauses, but it doesn't seem to me that that is sufficient, that you can win on that alone, but you try to buttress it by injecting elements of our modern double jeopardy jurisprudence. So you have kind of a hybrid argument. If we look just at our modern double jeopardy case law, have we said that retrial is barred when there is a reversal on appeal on a ground that does not concern the culpability of the defendant? I mean, I think it depends, I mean, by culpability, but I don't think that venue is any less about culpability than, for example, a jurisdictional element, you know, whether a bank is operating in interstate commerce just doesn't seem like it goes to inherent culpability either. And then if it's about elements, well, we know we have affirmative defenses. So, you know, what is the thing that unifies affirmative defenses, jurisdictional elements, and conduct elements? The only thing I think that substantially unifies them is they are things that go to a jury and the government bears the burden of proof, and when the government fails that burden of proof, there's a judgment of acquittal. And that's exactly the same thing for the venue right. And what the government is basically saying is the venue right has some special status where it just is exempt from that, and they're saying, in addition, it only has that special status on appeal. You know, if it went to the jury, we're happy to treat it in exactly the same way, we're happy to submit jury instructions that allow for general verdicts, that allow for preclusion, but on appeal, the results somehow could be different. And I just don't think that follows. Can a judge dismiss a prosecution because of erroneous venue in his discretion, presumably? I mean, it depends at which stage. A judge, if you move to dismiss the indictment because it's insufficiently alleged, then the judge can do that, and that wouldn't have preclusive effects. If it's after the close of the government's evidence, and it's a Rule 29 motion for judgment of acquittal, then that would, you know, that's the sort of, as this court said, an evidence is basically the same thing as a jury acquittal, and so that would have preclusive effects. And can he do that dismissal with prejudice or without prejudice, depending upon the particular circumstances? I don't think he could do it without. If he's making a sufficiency of the evidence determination on a Rule 29, as in he said the government's evidence is closed, I just don't think the government has provided sufficient evidence to support venue here. What about before that? As in mid-trial? I think mid – I don't know if there's a – Or at the indictment stage. Oh, yeah, at the indictment stage, the government could say the indictment isn't sufficient. The defendant could say, as we tried to say, it's not sufficiently alleged. The government can withdraw and try to go to a different venue. The judge can dismiss the indictment, and he can go to a different venue. I think it might have – Well, can he dismiss it with prejudice? He can dismiss it with prejudice probably as to refiling in the same venue under issue preclusion principles. I don't think he could dismiss the indictment with prejudice as to any other prosecution in another venue. But that's – you know, there are basically two kinds of dismissals. There's the indictment stage, and there's the sufficiency stage. And the government's cases try to blur that line, but this court has always said that distinction has fundamental consequences because one is a sufficiency determination, and all agree this was a sufficiency determination, and the other is a question of the indictment and whether it's sufficiently alleged, and the government does get another chance in that case. But if the government can come back again if it's dismissed pretrial, why isn't what you're saying – why doesn't the difference lie in the double jeopardy clause, not in the venue provision? I mean, I think the difference lies in the double jeopardy principles that would have animated the framers in thinking through what the remedy was for purposes of the venue clause. I mean, this court sort of describes it. I guess what I'm suggesting is if the government can refile in another venue pretrial, and then you say, well, there's a big difference once the government submits its case. I mean, there might be a big difference, but it might be a double jeopardy difference, not a venue difference. I just think they're inseparably interwoven here because what it means for the venue right to be violated is for the government to fail its burden of proof before a jury. That is what it always meant. There's no such thing as a venue violation separate from the government's failure of proof before a jury. And so you only ever really know that the venue right has been violated and requires a remedy once the government has failed its proof in front of a jury. Why can't the remedy just be to vacate the conviction? I mean, what you're asking for is a vacater plus a statement by the court that you can't be retried. And I guess Justice Kagan's point is, why don't you get that one when the government tries to retry you, and then you invoke double jeopardy? I mean, in birth, that's not what this court did. But I guess at an absolute minimum, we couldn't have a decision on the book that the 11th Circuit saying we don't have the ability to assert double jeopardy. Is that what the 11th Circuit said in this case? It just said you're not entitled to a statement from the judge right now that says you can't be reprosecuted. I don't think it made a double jeopardy holding. I guess I read the 11th Circuit's decision as saying that the remedy is vacater, and so the government gets to retry. Counsel, I want to go back to your discussion with Justice Alito about Arundel's case and some of the original materials. I understand your position is that those cases allowing retrial for improper venue were challenges essentially to the sufficiency of the indictment. But I would have thought that we'd still have some cases where, as in this case, a jury found venue improperly, and there would have been an appeal taken afterwards by the defendant, as you have. And there would be some evidence that an acquittal would have been the remedy given on appeal. But I didn't see that in your briefs. So what's your understanding as to why that evidence doesn't exist? I mean, the criminal appellate right has only existed, you know, since 1891. So the early case, the common law in the founding, there was no criminal right of appeal. So this is sort of all a little bit sui generis. And the way that this court has aligned that fact is it said, as in Burks, when you have an appellate reversal for insufficiency of the evidence, that functions like a jury acquittal would at the founding. And what we do have is, you know, evidence that jury acquittals at the founding, you know, on the basis of venue had all the reasons. I understand that. But your answer, I think, is there is no right to appeal until 1891 in this country. Right. How about a common law? It's either way, basically, for that reason. Right. How about a common law? Right. Same thing. Exactly. Counsel, your argument today is a bit different than your brief. I think you're right. The two are interwound. But this is really not a venue clause, Article III, or a vintage clause of the Sixth Amendment. This is really a double jeopardy argument. Justice Jackson asked that. And you keep saying, well, no, I'm not making an independent one. But it's totally that. A judge can, on the sufficiency of the element, there could be a motion to dismiss before trial. And if it's denied, we don't require an acquittal then. Or if the judge grants it, it goes up on appeal and we reverse it and it goes back because there wasn't a trial before the jury. Correct? Correct. So if there's a motion to dismiss for lack of venue and the judge grants it and there's an appeal by the government and it's not a judgment of acquittal, the government can then retry the case, correct? Right. So really the issue is what happens after a jury finds that the government has not met its burden of proof. That's the point you're trying to make, correct? And that's how we framed it in the petition and throughout our brief. So what you're saying is if for the only thing that's generally submitted to the jury is either elements or affirmative defenses or venue, if the jury has acquitted or if the jury has convicted and an appellate court says the evidence was insufficient, we don't permit the government to retry the case. Correct. And so you're saying this is no different than an affirmative defense that sometimes is proven by a preponderance of the evidence. If the court says the judge was wrong on an affirmative defense because the evidence was insufficient to disprove it, then they can't try it again. That's both. And you're saying we should apply the same principle. Any issue that has to be submitted to the jury that the jury finds and then an appellate court says it was insufficient, that should be the end of the case.  Exactly. So what do we do with all the statements in the common law among jurists here, including Justice Story, that do say that if an issue is about insufficient venue or that venue is not right, that retrial is the norm? That's not what the historical is supposed to say. I mean, the government does a sort of crafty job of piecing together like two different kinds of cases and, you know, it sort of makes it seem like there is a line. All right. Break that down for me because it was more convincing to me than you're letting me believe right now. But go ahead. Well, so first of all, the government starts by talking about the sort of cases like Arundel's case, the Koch treatise, and Thalbert, which are the motion to arrest judgment cases. And motion to arrest judgment, as this court said in United States v. Sisson, this is what it said, for the purpose of this case, the critical requirement is that judgment can be arrested only on the basis of an error appearing on the basis of the record and not on the basis of proof offered at trial. And then if footnote 10 explains the basis of the record, it basically means the indictment and the official documents. So motion to arrest judgment cases necessarily are not insufficiency cases. So the Koch treatise, Arundel's case, all of those things are totally consistent with our rule, which is the rule you were just describing earlier. If it's at the indictment stage, it's a mistrial. Those are not sufficiency cases. Then the government slips into talking about this rule, which is the rule rejected in Ball, which is that a prosecutor in a second prosecution is always entitled to basically challenge the sufficiency of the indictment, not just on venue grounds, but on other kinds of grounds, too. And even if you have a general verdict of acquittal that goes to culpability, you know, the guy didn't do it, you still get to re-prosecute him based on challenging the sufficiency of the indictment. Their own sources, like the Holmes case, describe that rule as monstrous, and Ball squarely rejects it. So their idea is that that somehow now needs to be imported into thinking about the venue clause, even though we know that the framers thought the venue clause was fundamentally important and required additional protection. So I don't think that makes sense. But even on its own terms, it doesn't make sense, because the government doesn't believe in that rule, even now. The government doesn't think that when the second prosecution can be initiated on the basis of challenging a venue in the first prosecution, when there's a general verdict of acquittal. So it doesn't think that rule applies generally. It somehow thinks it applies just for trying to understand what happens when you're on appeal and you get a reversal on insufficient evidence of venue. And I just don't even see how that follows. And all of that leads to the big thing that's lacking, I think, in the government's case, which is anything which says, you know, they had lots of cases that said venue conventionally went to special verdicts, and when you got an acquittal just on venue, everyone just re-prosecuted it. But they don't have anything like that. And, in fact, special verdicts were not that typical at the founding, and a court couldn't even require a jury to enter a special verdict. So there just wasn't any distinction being made between venue and other kinds of elements. They had equal status at the common law and at the founding. And the rule that the government pieces together just isn't accurate when you really dig into those sources. Thank you. Other than the speedy trial right and the double jeopardy right, can you think of any example where retrial is not sufficient to cure the violation of a criminal right? No, Your Honor, but there is no other. You know, we're already in such different terrain with the venue right because there is no other right where the violation is defined by the government's failure of proof before a jury. And so I think we're already in sort of a strange place. That makes it, I think, similar to double jeopardy principles. And I think there are some significant analogies to the speedy trial right because the right here is grounded in trying to avoid the hardship of having the trial in an alien place. And to some degree, once that trial in an alien place has occurred, it's not remediable. It's not like the next trial necessarily puts you back to where you were before. You've already had the experience. And we know the mountains of evidence of the founding, that it was the experience of that trial that was the constitutional hardship. Thank you, Counsel. Justice Thomas? Justice Alito? Well, you can make the argument that you just made about the violation of many other trial rights. I think that every trial is – Practically every trial right. You can make that – Right. Absolutely. Every trial is a hardship, but not every constitutional right is specifically concerned with avoiding the hardship of trial. And when you have a constitutional right that's based on you don't want that hardship to occur in the first place, you need, as with the speedy trial right, something that has some front-end deterrence. So that's our argument on that. You piece it together with the fact that the government does have a lot of unfettered discretion here. As William Grayson described it, an absolute uncontrollable power of a venue. I think that requires some more front-end deterrence. And then you add in the fact that, of course, the venue right is already fundamentally different. When you put all those things together, I think acquittal is the appropriate remedy. Are the modern standards for venue in criminal cases the same as the standards for venue that existed at the time of the founding? I mean, I think, broadly speaking, yes. We still look to try and find what the locus delicti is, and we look to where the conduct occurred, and that's basically what happened in this case. Obviously, the types of cases that occur, the government now has far more ability to select different kinds of venues. Congress has expanded the power of the government to do that. You have this issue arises more and more. But ultimately, you still look to the locus delicti. Justice Sotomayor? Justice Kagan? Was the right really about the burden of a faraway trial? I thought it was much more about having a jury that knew the details of your crime and was of your community. It was about both, and the founding documents describe a lot of the time the hardship of trial in an alien place. That's how this court described it in United States v. Johnson, but they also describe it as the potential unfairness of the conviction because you can't get your witnesses, because there's all sorts of hardships that come there. And I think as to both of those, we think that acquittal aligns with the purpose. Acquittal is the only thing that has that front-end deterrence, and acquittal is the only thing that prevents the kind of form-shopping that the framers were acutely aware of. I mean, this is a rare area where we just know that there was egregious governmental abuse, egregious governmental practice that was happening in the founding era. So the idea they would have just thought, well, venue, that's just a thing of lower status that we leave at the government's grace, just seems highly implausible. Justice Gorsuch? What do you understand the proper burden of proof of the government to be in venue cases? I think that the historical evidence on that is extremely muddled. I think it would be great fodder. That's why I'm asking you. I think it would be great fodder for another petition, Your Honor, but I don't think anything turns on it in this case because, as we've been discussing, there are things like affirmative defenses where the burden of proof is not necessarily beyond reasonable doubt, and it's still the key thing is that it goes to the jury. I got it. Okay. And then what about the Chief Justice asked you about transferring the case? As I understand it under the criminal rules of procedure, at least currently, that's hard to do without the defendant's consent. What do we do about that? I think that a defendant has to basically put venue in issue, and the way it typically does that is by doing it at the indictment stage. And at the indictment stage, if the government says, oh, you know, you're absolutely right, this is in the wrong venue, the government can withdraw the charge. Can it do it unilaterally, or does it require the defendant's consent? I think at the indictment stage it can just withdraw the indictment and refile somewhere else. Okay. Thank you. Justice Kavanaugh? Justice Barrett? Justice Jackson? I just think there's something conceptually strange about going from being tried in an improper venue to being fully acquitted. And so can I just go back to Justice Kagan's point, which is if we assume that the point of venue, or at least a point of venue, was to ensure that the community in which this crime occurred had some say in how these facts were tried, then why would it be that the only permissible remedy for having tried a person in the wrong venue would be to acquit them entirely and not let the community that is the right venue exercise that prerogative? But I think that's a natural consequence of how it's always been. If we assume that at least part is to make sure that the people who were victimized by the crime are participating in the trial, it seems to me that your remedy robs them in some sense of the ability to speak to the crime and the issue, because you say the person who may have done this can't be retried if he's tried in the wrong place. So what do we do about that? The law has always sort of balanced that and basically said that the defendant's right to venue is more significant. That's the natural consequence. And the community's right to participate in the trial. Because that's what would happen. I mean, at the common law and at the founding, if the government initiates the prosecution in the wrong venue, takes it to the jury, and there's an acquittal, that's the end. If there's an acquittal, the government doesn't then go and get to say, well, now the next community's got to try. But isn't that the balancing scenario? If he's acquitted in the wrong venue, then we say his right to not be tried takes precedent. But if he's convicted in the wrong venue, I guess I wonder why that means that the jury that actually has the greatest stake in this situation doesn't get the opportunity. Because under this court's precedent, he has been acquitted. All right, so let me talk to you about that, because that's another part that I'm struggling with. You admit that venue doesn't have to be submitted to a jury. I mean, even when you raise it, is it the kind of thing that has to go to the jury or not? It basically is. No, no, not basically. I'm saying, okay, we're at trial, pretrial, and the defendant raises a venue objection. Is that something that the judge can resolve, or must it be submitted to the jury? It basically must be submitted to the jury. The circuits are a little divided on how much a defendant has to do to put it in issue, but everyone agrees that once it's put in issue, and the threshold is low. Okay, but I thought you said earlier that we had a scenario in which a judge could be ruling on this as a matter of Rule 29, where the judge could be deciding. On sufficiency grounds, yes. All right, so let's say it was put to the jury, and then there's a Rule 29, and the judge resolves it. In that situation, if the judge says no venue, is it your position that the government can't appeal, that's tantamount to an acquittal verdict? Yeah, if the judge rules that there's a Rule 29 motion for judgment of acquittal on venue grounds, absolutely, that's basically evident. I'm saying, do we have cases that say that, or are you just making this analogy? I guess I'm wondering would I ever find an appellate... It's a natural consequence of our rule. It's a natural consequence of your rule, but I'm asking you about the law exactly in the following sense. Would an appellate court ever be called upon to decide whether the judge was correct on a J&OB Rule 29 motion in the defendant's favor on venue grounds? They shouldn't be. I mean, the circuits are divided on... So if I find those cases, you lose? No, the circuits currently are divided. I mean, there's lots of circuits that have a retrial rule on appeal, just like the 11th Circuit, and so I'm sure there'll be lots of examples where judges in those circuits do exactly that, and the result is that it doesn't qualify as an acquittal in the same way. No, but I guess, why does that undermine your argument? I mean, if it is an acquittal, then it seems to me that there shouldn't be an appellate right for the government to go and ask for a review of the judge's determination that there's no venue on a post-trial motion. So if we find those, then it would seem as though the law does not treat the venue question as tantamount to a judgment acquittal. I don't think those cases would be wrong, just like the circuits that disagree with us would be wrong. So in ruling in your favor, we'd have to also rule about that, I guess. The implication would be... Yeah, I mean, I think basically, as this Court said in Burks and reaffirmed in Evans, a jury acquittal, a judge acquittal under Rule 29, and an appellate reversal of a Rule 29 motion for insufficiency, those are all insufficiency determinations, and it's a purely arbitrary distinction to say that because the jury made a mistake, the government now suddenly gets to reprosecute. It's not fair to say that that is what it all turns on, and that's this Court's holding in Burks. And the government, in this case, at JA 113, 114, said to the jury, acquit. If you find we didn't bear our burden of proof here, you should acquit. They agree that bars reprosecution, and they're saying there should be exactly the arbitrary distinction that this Court rejected in Burks for venue, and there's no basis for thinking venue should be treated differently because venue has never been treated differently. Historically, it's a common law. Except insofar as our law might allow the government to raise venue questions on appeal if ruled on by a judge. I don't think I understand. In other words, you say venue has never been treated differently, but I've identified a situation in which it has, perhaps. I don't know because I haven't researched it. That's why I'm asking you. It would be treated differently or it has been treated differently if the government could actually bring an appeal on a judicial determination of venue and have that addressed because motions of acquittal or judgments of acquittal would not be appealable. I haven't seen a case like that. I don't know if they exist, Your Honor, but if they do, I would think that they're just basically another instance of the rule that we're challenging in this case and that rules itself the thing which violates BUCS. Thank you, Counsel. Mr. Joshi? Mr. Chief Justice, and may it please the Court, the remedy for a defendant convicted in a wrong venue is, one, reversal of his conviction, two, dismissal of the count in the indictment. Petitioner got both of those remedies here. His contention here is that the Constitution requires an additional third remedy, which is immunity from re-prosecution, but he hasn't identified a single word of the actual text of the Constitution that mandates that remedy, and we think centuries of pre-founding history and precedent belie that contention. Now, Petitioner mentioned this morning and in his briefing that juries are instructed to acquit a defendant if the government fails to prove venue, and he says that we haven't shown a founding-era federal case in which a jury acquittal was followed by a retrial. I think that's a little bit of a straw man. A general verdict of acquittal always precludes retrial under double jeopardy principles. We have never contested that, but that's not this case. He was not acquitted by the jury. He was convicted. The question is what happens when a reviewing court determines that a conviction was obtained in the wrong venue. Of course, there's no founding-era precedent on that because, as my friend mentioned, there was no right of appeal in federal criminal cases until 1889 for defendants and 1907 for the government. But Petitioner's case basically boils down to, from start to finish, a conflation of a jury's general verdict of acquittal and a reviewing court's determination that a conviction was improper or the result of constitutional error. This court has squarely rejected that conflation, including in Scott, which was one of the trilogy of double jeopardy cases decided the same day as Burke's. And what the court said in Scott was that, look, a general verdict of acquittal doesn't give reasons, and so we adopt a defendant-friendly categorical rule that a general verdict of acquittal is final and preclusive. That's not true when a court decides something. When a court decides something, the dividing line for whether retrial is or is not permissible is whether the legal basis for the ruling goes to factual guilt or innocence or criminal culpability, as Evans against Michigan said. Venue does not go to factual guilt or innocence. It does not go to criminal culpability, and, therefore, retrial is not forbidden. I welcome the Court's questions. If there aren't any, let me— Well, how many times does the government, for example, get to either mistake or deliberately sue in the wrong venue? You can imagine a situation, perhaps a rare one, but you can imagine it where what's involved is an abuse of their right to charge wherever they want. Not out of the blue, but in many cases, like take Internet crimes and things like that, there must be dozens of places where the government could charge, and why don't they just start with one and go through and wear down the defendant? So let me address a couple of things there. First of all, if your suggestion is that the government is prosecuting in a correct venue, well, then that should be fine, and you're right. There are sometimes many, many venues under continuing crime statute that Congress has passed that defines crimes as taking place in many venues. So you're right. The government can pick one of those venues, but those would be proper venues. I take the thrust of your question to be, well, what if the government serially tries to retry someone in the wrong venue? I don't think that's realistic, and I'm going to give you a few answers here, and I understand some may be more satisfactory than others. The first is that we think our rule has been the dominant rule in the circuits and in this country for hundreds of years. I think Petitioner identified at the search stage, I think, just two cases, neither of which we think actually adopts his principle. But I don't think we've seen any suggestion that the government has ever engaged in that kind of practice. Petitioner had all the incentive in the world, as Amiki did, to identify such a case. They haven't been able to. Now, I understand that you say they're all going to be correct venues, but often you don't know that until after there's extensive pleading practice and everything else, and the government, you know, it is an imposition on the defendant to have to litigate with the government whether or not his, you know, vacation trip to wherever was enough to establish venue there. Yeah, that's a fair point. Sometimes it's going to be difficult. This is, I think, one of those difficult cases, and I took your question to be asking about bad faith. I think if it's a difficult case and the government believes sincerely that venue is appropriate, the jury agrees unanimously that venue is appropriate, and the trial court agrees that venue is appropriate, it seems I don't think you could call that bad faith. You know, in addition to the fact that- Why was this brought in the Middle District of Florida, which, I mean, everyone seemed to- you were alerted pretty early on that that wasn't the right venue. Are they just not that busy in the Middle District? So this was brought in the Northern District. Sorry, the Northern District. It should have brought in the Middle District or in Alabama. I apologize. I got the wrong district. So apologies to the Middle District of Florida. They're obviously very busy. Maybe the Northern District isn't. So I don't know everything that went into the prosecution decision, but I think the Northern District of Florida was the natural home for this because that's where all the harm was felt. That's where the victim was. That's where- Yeah, but none of the, quote, crime occurred there. I don't think that's right. We didn't cross petition for cert on it because it was fact-bound. And remember- The 11th Circuit's wrong about that, too. The jury agreed and the appellate court agreed and petitioner hasn't sought review of the other finding, which is that the extortion count was proper in the Northern District. Let me ask you a more fundamental question. I'm sorry. I just wondered if you happen to know and you don't know why it was brought in the Northern District. That's fair. Your colleague on the other side makes an interesting point about Arundel's case and the other authorities. You cite that those had to do with challenging the indictment, arresting the indictment, and not after a sufficiency of the evidence determination by the fact finder. What say you? So I'm not sure that's right for a couple of reasons. One is that, and I admit this is- I couldn't find the author. It might be Lord Hill. It might be someone else. But it's an annotation to Cook on Littleton. It's in a footnote clearly added by the editor, so at a later time, but in the early 1800s, or even earlier, it's undated. But it makes the point that arrest of judgment and appeal are essentially treated the same for these purposes. And on that point, my second point is- How could that be if there was no appeal? Maybe you can explain that. Oh, so there was a limited right of appeal in England long before there was one in the federal system here. And so that's going to lead me to my second point, which is Rex against Welsh, which we cite in our brief. That's from 1827, so it's post-founding, but there's been no suggestion that that case somehow represented a break in the English law. There, the jury was directed to acquit the defendant in Southwark because it became apparent that the crime took place in London. And then he was reindicted in London at the Old Bailey and the judges gathered together and they decided unanimously that his plea of ultra fraud acquit was no good in London because it was- his acquittal was on venue ground. So I think that disposes of petitioner's objection here that there is somehow this big difference between them. I also think our modern case law disposes of that objection. Again, he discusses Birx a lot, but Scott was decided the same day. And both Birx and Scott overruled several of the court's earlier double jeopardy cases, which they had just begun to have experience with, and they decided, of course, Birx I take no issue with. What Birx did was overrule Bryan. Bryan said that if an appellate court reverses for insufficient evidence, you could have a retrial. And Birx said, no, we're not going to do that because it's a verdict of acquittal, it ought to be final, we don't always know why the jury acquitted someone, and so benefited the doubt to the defendant. That's not true when an appellate court weighs in or a reviewing court, even if it's the trial court, weighs in on an issue. Now- Can I take you back to the Chief Justice's question? At your briefs at some point, you say, in extraordinary circumstances where appropriate, a court can dismiss with prejudice. So what did you mean there? Is that supposed to respond to the possibility of bad faith? What's appropriate? What are extraordinary circumstances? Yeah, I think that's right. The question presented in this case is whether the Constitution compels a forbidding of retrial. Our answer is no, but we don't think the Constitution forbids that either. Congress, for example, could pass a statute and say, the government gets one shot and that's it. That would be perfectly constitutional. And we think that if there is actually an allegation of bad faith conduct on the part of the government, like any litigant engaging in bad faith conduct, courts have inherent powers to discipline the litigants. And if a court thinks that the government is walking in and serially retrying someone just for the purpose of harassing them in bad faith, it can issue a preclusive order like that. And we think that there's nothing in the Constitution that forbids it. There may be some other statutory law or something, but nothing in the Constitution forbids it, and that's what we were trying to say. But as I was saying to the Chief Justice, I really don't think this is a likely possibility. And this is not an argument that says, you know, trust us. This is more an argument about trust human nature. Like, prosecutors like convictions, and they don't like reversals of convictions. And so it wouldn't really make sense for a prosecutor to deliberately try a defendant in the wrong venue, knowing that there's a risk the jury might acquit, and then that's going to be final. And then even if the jury convicts, knowing that the appellate court might reverse the conviction... But why does it all have to come down to bad faith? I mean, you can imagine a world in which there are... a non-frivolous possibility that this crime was committed. It's a complicated fraud crime, and there are nine different places. You know, Actus Reis is a part of it. And I guess I don't understand why it matters that the government is deliberately trying to do something to the defendants. Isn't there something to your friend on the other side's point that the government should not be allowed to, in seriatim, try this defendant if it turns out that one after the other after the other, a determination is made that that's the wrong venue? No, I mean, you could imagine a trial in which there's an uncounseled statement is introduced against him. It gets reversed. Then he goes up, and an un-Mirandized confession gets introduced against him. That's reversed. Then there's evidence in violation of the exclusionary rule is introduced. That's reversed. Right, but at the heart of it, I guess, is this question of whether a venue determination is more like the ones that you just articulated or like an insufficiency determination. And your friend on the other side says that when you present it to a jury, as was done here, and when the government, in my view, a little puzzlingly, says we are okay with a jury instruction that says you can acquit if the government hasn't proven by clear convincing evidence that this is the right venue, why isn't that tantamount to an insufficiency such that if the jury gets it wrong, says the appellate court, then it's over. The government doesn't get to come back and marshal new evidence and do it again. Because I think this court has rejected that principle, and I'll explain why. But I just want to observe at the outset that just because two things are alike in one sense doesn't mean they're alike in all senses. And I don't think just because venue might be go to the jury and the jury might decide a question, a venue doesn't make it like an element or like an affirmative defense. Juries decide statute of limitations as well. That's got nothing to do with... What do you think would happen? Did I interrupt you? Sorry. If I could just fully answer. I'm sorry, Justice Kagan. I said this court has rejected that principle, and what I was going to say there is illustrated by Evans against Michigan on the one hand and Musacchio against the United States on the other. In both cases, the courts were under the misimpression that there was an extra element of the crime that wasn't actually there. In Evans, the defendant was acquitted for insufficiency of the evidence with respect to that element that wasn't actually an element, and this court said, sorry, acquittal is final. That's the end of the story because it goes to criminal culpability. But in Musacchio, exactly the same thing happened. The jury was instructed to find an extra element that wasn't actually an element of the crime. The jury nevertheless convicted, and on appeal, the defendant said, hey, insufficient evidence for this element that's not actually an element, and this court said, we don't care. It's not actually an element. You're on appeal now. And as a legal ground, because it's not actually an element, you're not going to get your conviction. You're missing the point there. If the jury convicts and convicts wrong, you can get a new trial. But if it acquits, that's the whole purpose of the Double Jeopardy Clause, and we did repeatedly in Burke and other cases, we have said the Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. If a jury acquits, it's saying you failed to muster. If it convicts, it says you did muster the evidence, but why should we permit you the opportunity to retry the case again for insufficient evidence? Because Scott tells us that when a jury convicts and then a court decides that the conviction was obtained on the basis of some constitutional error, a retrial is permissible if that error does not relate to factual guilt or innocence. Burks and Scott were decided the same day. Every justice in the majority in Scott was in the majority in Burks other than one who was recused, I think, or didn't participate. I'm guessing he was recused. So Burks and Scott, you have to read them together, and the dividing line is whether the legal basis for setting aside the conviction goes to factual guilt or innocence. Venue does not go to factual guilt or innocence. What would happen if there were a special verdict form and the jury said, we're finding this defendant not guilty and the reason we're doing it is because there was no venue here. Could you retry? I think we could, and let me just break it down. I mean, just to be super analytic about it, suppose there are two questions. One, did the government prove guilt beyond a reasonable doubt on all the elements of the crime? Question two, did the government prove venue by a preponderance or whatever the standard proof might be? And in that case, I think, you know, if the jury answers yes and yes, that's this case. We think retrial is permissible. Yeah, that wasn't my question. Yeah, no. But I just want to make sure we're on the same page. If the jury answers yes and no, which I think was your question, we do think that you could be retried in that circumstance. And just to round out the four permutations, if the jury answers no and yes, so guilty, not guilty, but right venue, obviously that's just like a regular old acquittal, and if the jury answers no and no, that's actually a tough question because venue was wrong, so maybe they shouldn't have opined on anything, but we think under Ash against Swenson and Yeager and that line of cases, we could not retry a defendant in that scenario. So that's my complete answer to the special verdict. That's all the boxes in the matrix checked off. That's right. And, you know, speaking of special verdicts, you know, Petitioner mentioned them, or I'm sorry, my friend mentioned them when he was up here, that, you know, special verdicts were never used. That's actually not correct. One of the very cases he cites had a special verdict, so this is Wright that he cites in his brief, and in Wright, there was a special verdict, and the jury, you know, found facts and said, well, look, like, here are the facts we found, and, you know, if the court determines then, you know, that these facts took place, and I think it was Washington D.C. Your answer to Justice Kagan, though, seems to suggest guilt on elements, going to guilt or innocence, but wrong venue, special verdict, retrial permissible, I believe is your answer. What's left of the notion that the wrong venue leads to an acquittal? I would think that the government would have every incentive in the world to have special verdict forms with respect to venue in every case, or at least try very hard to get them. You know, I would have thought the same thing, and somehow that doesn't play out in practice. Well, it hasn't yet. Yeah. But after today, why wouldn't it? Maybe I think courts, my understanding from those who practice in the courts is that district courts are hesitant to give... Oh, they won't do it, they won't do it. Okay, I got the practical argument, but if we take seriously the founding evidence that does suggest that a jury's verdict of acquittal on venue means something, then why would it be different if it comes in the form of a special verdict rather than a general one? Oh, I think I was making maybe the opposite point. I think Brex against Welsh shows that a jury's verdict of acquittal, when we can definitively say it is on venue grounds... You've got that one case. I've got that. Okay, all right. It's cited, I mean, look... It's a good case. It's a good case, and I will also point out... It's a Nicholas case after the founding. I'm not sure... That's true, that's true, but there is no suggestion... Not sure why we rely on that. There is no suggestion that it represented a break from the law, and we know that later editions of Cook and Hale and Hawkins treatises all cite Welsh as being in line with all the other cases, including Arundel's case, and I guess my point here is that the framers were familiar with all of these sources, and I admit they're sparse. I know you can poke holes and say, well, it's not quite exactly the same, but here's the thing. 100% of them support our rule. Not a single one supports... But 100% of them also support the rule that a jury's verdict of acquittal on venue meant something, and that was enough, and that was the end of the case. There's a lot... We've got a lot of evidence on that, too, at least when it's in a general verdict. General verdict, good to go. Yes. In a special verdict, the rule somehow flips. Yes, that's right. Yeah, what's left of the general rule? Because... Other than district courts won't let you do it. I think you've got the general rule wrong. We think the general rule was that an acquittal, if it was on venue grounds, as in Welsh, did not preclude retrial, but a general verdict of acquittal categorically precludes retrial under the Double Jeopardy Clause. This court in Scott, I think it's footnote 5, it might be footnote 4, I can't remember, specifically said that that is an American rule that postdates the founding and is a deviation from the original meaning of the Constitution, but well settled and we'll just keep it. So that rule is very defendant-protective. It's the rule that was announced in Ball. But it's strange that Petitioner relies on Ball because Ball actually involved three defendants. One was acquitted initially. The other two were convicted. It comes up to this court in 1891, when appeal is allowed finally, and this court says venue was bad. It wasn't adequately alleged. Reverses the convictions. It goes back down. Venue is now adequately alleged. Proved to be in the same venue, so not quite the issue here. All three are convicted again, as Petitioner notes. It comes back up to this court, and this court says, all right, the defendant who was originally acquitted, his is bad. You can't retry him. Once he was acquitted, that was it. That's the end of the story. But the other two, whose convictions we reversed because of failure to prove venue, those new convictions can stand. So I don't think Ball helps them all that much. All Ball does is establish the rule I just mentioned, the rule I mentioned in my introduction, which is that a general verdict of acquittal, yes, preclusive, final. It's different when the jury convicts and then a reviewing court is determining that the conviction was obtained by constitutional error. In that case... I had the same thought that Justice Gorsuch did, and you did. I did a little research. We have a case that dissuades district court judges from doing special interrogatories because I, too, as a district court judge, never had someone ask me, and I wondered why. So there is a Supreme Court case that discourages special interrogatories in criminal cases, and I think that's the reason why. But you're now going much further because you're suggesting to me that a whole bunch of special issues like a dispute about the date a crime occurred and whether it's in the statute of limitations. You're suggesting that if a reviewing court found the government failed to supply sufficient evidence to negate a statute of limitations defense, that the government could try that case again and collect more evidence. Why not? Because you're saying there's now a conviction, the reviewing court says, no, this didn't happen within the statute of limitations, that you could collect more evidence and have another go at it because that wasn't a decision on the sufficiency of the evidence. It's an affirmative defense, just like you're saying, treat it like venue. It doesn't go to the culpability. The guy did commit the crime just on a different date, and you're suggesting that you can, after a conviction, retry. No, that wouldn't work for a different reason, which is that it would be preclusive that the crime is outside the statute of limitations. I don't think the government could then, under law of the case principles, prove that it actually, in fact, is in the statute of limitations. Venue is different. Why? You've got new evidence. Because you'd be going to a different venue, which would not be precluded under the findings that have been made. Isn't the issue, though, always, why are we giving the government another chance at an apple it already took a bite at? And isn't that the center of our entire double jeopardy ruling? If the jury is going to determine whether you have sufficient evidence or not to prove either an element, a defense, a material, I don't know what, because our case law is very confusing as to what venue is, we seem all to agree, or people assume it's not an element of the crime, yet we submit it to the jury, and yet we do put the government to a burden of proof, and yet we don't want to call it an element. It's a little bit like that platypus, this mixed-up animal, isn't it? It is a little mixed up, and I admit, reading the historical sources, I'm not entirely sure why it gets submitted to the jury. All I can rest on here is this court's trilogy of double jeopardy cases decided on the same day, including Berks and Scott. Well, that's my problem with the historical record, because the historical record thought about it as a court who tried a person without venue had no jurisdiction. And we have destroyed that concept here because we say the district court has jurisdiction, it's just not this particular venue. Look, this court, until all of its early cases addressing venue, did treat it as jurisdictional. You're absolutely right. It's only in the middle of the 20th century that it moved away from that understanding of it. So if you want the original understanding, then, of what the framers would have expected to be the result of a violation of the venue-revisionage clauses, I think that's pretty straightforward. But if you're having trouble with the historical sources, I guess I would say just look at Berks and Scott together, look at those double jeopardy principles, and the bright line, the one that was then applied in Evans, one that was applied in Smith against Massachusetts, has been, does it go to factual guilt or innocence, does it go to criminal culpability? Does Mr. Smith have a live double jeopardy claim? What do you... Oh, are you asking whether the 11th Circuit's decision forecloses it? No, I don't think so. I think if we attempted to re-prosecute him, he would be entitled to raise a double jeopardy defense if that came to pass. But there would have to be some steps taken by the government. Yeah, that's right. That's right. Yeah, we would have to actually re-indict him. It would actually have to be within the statute of limitations. His offence conduct, I believe, took place in, like, May and June of 2018, so we're coming up on five years. So it's not at all clear that that would be possible. I do want to address... I'm sorry, before we leave too far Justice Sotomayor's point. So you've been saying that the test is, does it go to factual guilt or innocence as to whether or not a person can be retried. But then you also admitted, I thought, in response to her, that a jury finding related to the timing of the crime vis-à-vis a defendant claiming outside the statute of limitations would be preclusive. Did you say that? Did you say that if a jury were to find, based on evidence presented, that this crime took place on X date and that date is outside the statute of limitations, then the government could not retry the person? Correct, because the jury would have found it's outside the statute of limitations. So you couldn't go to another jury to have that fact redone. Correct. So what about a scenario in which there's a special verdict form that asks the jury to determine where this crime took place? So similar to her, when did it happen? Now the question is where, and the jury has a line, and they write Los Angeles or Detroit or wherever. If they pick the wrong place, sufficiency of the evidence, is that going to be a problem in terms of the government venue issue? So if I understand the question correctly, the jury picks a place and that place is the correct venue? No, incorrect venue. It's the incorrect venue. Oh, well, then that finding is preclusive, right? Like the jury has found that it took place in a particular location. Right. Then that's the finding of the jury. I think our submission here is... But wait, why doesn't that totally undermine the government's position in this case? Oh, no, perhaps I've misunderstood the question. Our submission here is that where the jury finds venue is appropriate, and then a reviewing court determines that, in fact, as a matter of law, venue is inappropriate. In those circumstances, a retrial is permissible. So it's not really a special verdict versus a general verdict issue? I was sort of responding to Justice Gorsuch's point, too. If we have a special verdict where it's clear that the jury is picking a place that turns out on appeal is the wrong venue, what result? Oh, so I just want to make sure I understand your question. So the jury on a special verdict says we find all the elements of the crime have improved beyond a reasonable doubt, and we find that this crime takes place in every single element of this crime took place in Washington, D.C., and all of these things happen in Washington, D.C., but trial is in the District of Maryland. Correct. What then? Correct. Would be. Would be, would be, yeah. That's the natural result of our position. All right. Right. Now, again, this basically never happens, and venue errors are also quite rare, but I do want to address the point that the jury. Why should venue go to the jury? I'm not entirely sure. I think Petitior is right that as a matter of historical practice, it often did go to the jury, of course. But just today. Today? I'm not sure it has to except for this court's decision in Jackalow, which is from 1862. That decision said that there were. It came up to the court not on appeal because there was no appeal. It was on a division of the circuit judges. This court could review discrete issues of law in the pre-appeal era, and it came up to the court because the circuit judges disagreed on whether a particular crime took place within the boundary of New York or not outside of New York, in which case the defendant could be tried in New Jersey. Thank you, counsel. Justice Thomas. Justice Alito. I had two questions. I hope are quick questions. The first is I'm not quite sure I understand what you're saying about the double jeopardy question because the 11th circuit said 15A of the petition to the appendix to the cert petition, the double jeopardy clause is not implicated by a retrial in a proper venue after we vacate a conviction for improper venue. So didn't the 11th circuit decide that question? And having held against petitioner on that question, would not an affirmance by this court preclude the assertion later of the double jeopardy claim? I don't think so, and maybe I'm slicing the bologna a little thin here, but I view petitioner's claim as being that he wanted a judgment of acquittal that would be preclusive, and the court denied him that relief. The reason it denied him the relief was because it thought that double jeopardy didn't compel it to give him that relief, but I don't think that would preclude a bona fide double jeopardy challenge if there were actually to be another prosecution. All that he would have is a non-preclusive judgment from the northern district of Florida by virtue of the 11th circuit's judgment. But even though the reason for it was double jeopardy, I don't think that alone would be preclusive. That's just the reasoning of the court. The court could have just denied him that relief for any reason. Okay, second question. Do you think that Berks or Bryan is more consistent with the original understanding of the meaning of the double jeopardy clause? So we take Berks as it comes. Scott suggested that Bryan might have been more consistent with the original meaning, but we don't take an issue on that. I think even Scott accepted that the times had moved on and that a general verdict of acquittal, just full stop, is always preclusive. So if that's correct, I guess I'm going to add a third question. If that is correct, would we not have to extend our double jeopardy precedence even further beyond the original meaning of the double jeopardy clause in order to find that double jeopardy precludes retrial in a case like this, where on appeal it is decided that that venue was improper? You would. You would have to stray further and create an exception to Scott's otherwise quite categorical rule. Anything further, Justice O'Mara? Justice Kagan? Can you just finish your answer to my question? Yeah. About why venue should go to the jury? You were in 1860. Yeah. So Jackalow was a division of authority on whether, like, all the facts were found by the jury. Like it took place on this ship, which was docked here. It was an assault. But the question was whether it was within New York's territorial waters or without. And this court, on reviewing it, said, well, we actually don't know because we need to know where New York's boundary is in waters. And that's going to require some maps and facts that we don't have. So send it back for a new trial so that the jury can, like, get those facts and evidence. But Jackalow was very clear that the ultimate determination of venue was for the court, not the jury. So given Jackalow, it's puzzling to me why we continue to just send it to the jury. But, like, that's what we do. That's what prosecutors do. That's what we all do. Certainly nothing forbids sending it to a jury. And just like the extra element thing, we can send all sorts of things to the jury. And nothing forbids not sending it to a jury. You're just saying it's just the way it's developed. It's the way it's developed. Thank you. Justice Jackson? So I did not understand this to be a double jeopardy case. And I'm trying to understand, could we enter a judgment on the QP in this case on these facts that does not speak to this defendant's double jeopardy rights? It's a difficult question because at the petition stage, I think as you observed in talking to my friend, his argument was all about double jeopardy. He claimed that venue was an element of the crime and therefore forbidden by double jeopardy. On the merits, he's totally abandoned that argument. And so I'm not entirely sure. What would the government object to looking at this as homing in on the particular request that he is making? So you said it in response to Justice Alito, which is he's requesting per the vicinage and venue clauses of the Constitution, a judgment preclusive of the government's ability to retry him. And I guess one could say that the Constitution, those clauses don't give rise to that remedy without speaking to if the government were to eventually or in the future seek to retry him, what the double jeopardy clause would say about it. Yeah, I think that'd be fine. So you could write an opinion that says, I mean, this would be possible. You could write opinion that says, look, the framers codified the venue and vicinage rights in the Constitution. They tweaked them a little bit. You know, they changed county to state and vicinage to district, but they didn't touch the remedial principles that accompanied that right. That old soil remains intact. When the framers wanted to address retrial, they did so in the specific clause of double jeopardy. So we're not going to go hunting for a retrial remedy in the silence of the venue and vicinage clauses and petitioner doesn't claim, you know, doesn't raise or has abandoned his double jeopardy argument. Full stop. And really that argument isn't right because the government hasn't thought to retry him or has it at this point? No, we have not. And you're right. We think the argument wasn't right, but we made that point in our brief in opposition, obviously unconvincingly. And so thank you. Thank you. Counsel. Mr. Diggerson. Thank you, Mr. Chief justice for quick points on the historical evidence. I think it was telling just how remarkably thin it was. The government's answer was on that. They cited a treatise that I don't know what they're referring to. And I've never heard of. It's the cool ones supplementary briefing on that treatise. We're happy to do it, but I don't know what they're referring to. And then Rexy Walsh, a post founding English case. And that case was that the indictment was in the general court of sessions in Southwark, which was the court of limited jurisdiction. And the ruling was very much about the fact that because of its jurisdictional limitations, it was not a court of general jurisdiction. The judgment there wouldn't be preclusive, but that has no, no implications here. The government agrees. It's not jurisdictional. The frame is clearly didn't incorporate the jurisdictional principles of English common law, certainly not jurisdictional principles of later English common law into the constitution. So I just, if that's the best historical evidence, I think it underscores that the dominant practice here was the venue was respected and treated just the same as anything else that went to a general verdict of acquittal. On the case law. I don't, again, you know, they cite Ms. Bashier. That's an instructional error case. And Scott was a dismissal for pre-indictment delay. Now it happened after Jeffy attached, but it was not a sufficiency of the evidence case. The sufficiency of the evidence case is Bucks. And in Bucks, this court said an appellate sufficiency ruling is the same thing as a jury sufficiency ruling. Those other cases, the government sites did not involve sufficiency evidence. And the same thing was true for the people who were convicted in Ball. Those, those individuals didn't have a sufficiency of the evidence ruling. The government never took its evidence to venue and failed. And that's what happened here. The 11th circuit said the government's evidence failed. That leads to acquittal under this court settled precedent on the idea of no risk. Zero prosecution. The government's answer is just trust us. And I think justice stories statement here is very telling. He said there is little danger. Indeed, the Congress would ever exert their power in such an oppressive and unjustifiable manner, but upon a subject so vital to the security of the citizens, it was fit to leave as little as possible to mere discretion. If that's true, how could it possibly be the case? The framers would have contemplated a remedy that did allow just at the government's discretion being shipped to London and then to Manchester, or maybe even being retried in London. Multiple times. The government doesn't even disclaim the nine seconds rule where you can just keep being prosecuted in the same jurisdiction. And then, and I, I think just as close as you're absolutely right to say, the government is going to request special verdict in every case. And you can't imagine a rule that's more antithetical to the rule of the founding. We're not only with special verdicts, not used in situations like this, a court couldn't even require a jury to come back with special verdicts. And there'll be required in every case that is completely contrary to the original intent here. And finally, on the question of remedy, I mean, as justice Alito said, the, the, the double jeopardy question was adjudicated against us in what under any ordinary principle is not dicta is something that would be preclusive. It's exactly the kind of judgment people challenge all the time. And the court then said the remedy for improper venue is faker of the conviction, not acquittal or dismissal with prejudice. So, I mean, I think that's absolutely, you know, we, we have the opposite of what we're asking for. Our question presented asked for an acquittal barring re-prosecution of the offense. What we have is a judgment that says you absolutely do not get that. You have the opposite of it. And it absolutely would bar us from, from raising a double jeopardy case in another instance. And to justice Jackson's question about rightness, that this is exactly the same procedural posture as, but which was a double jeopardy case in books. You had an order from the court of appeals, basically saying the government's case fails on insufficiency, the evidence, but a retrial is permissible. That's exactly what the 11th circuit did here. This court reviewed that on certiorari and reviewed and reversed on double jeopardy grounds. That is on all floors with what we have in this case. Thank you. Counsel. The case is submitted.